UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND CONSTRUCTION GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HOUSING AUTHORITY OF SOUTH BEND,<br><br>Defendant. | CAUSE NO. 3:22-CV-1006 DRL-MGG |

OPINION AND ORDER

Heartland Construction Group, LLC and the Housing Authority of South Bend (HASB) entered into a contract for Heartland to rehabilitate HASB-owned apartments. After Heartland commenced its work, HASB requested certified payroll in compliance with the Davis-Bacon Act—a law regulating wages for projects with federal funding. *See* 40 U.S.C. § 3145. Heartland never sent the payroll reports, and shortly thereafter HASB terminated Heartland citing convenience and workmanship issues. HASB has not yet paid Heartland. Heartland sued HASB for breaching their contract and for unjust enrichment. HASB says the court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The court agrees and grants the motion.

BACKGROUND

HASB owns a public housing facility known as the South Bend Avenue Apartments in South Bend, Indiana. HASB accepted Heartland's bid to rehabilitate the apartments. HASB and Heartland signed an agreement that required Heartland to provide labor and materials for roofing, siding, doors, and other items [ECF 1-1].

Seemingly nothing in the agreement required Heartland to comply with the Davis-Bacon Act, a federal statute that requires that each contractor and subcontractor "engaged in constructing, carrying out, completing, or repairing public buildings, public works, or buildings or works that at least

partly are financed by a loan or grant from the Federal Government" to weekly "furnish a statement on the wages paid each employee during the prior week." 40 U.S.C. § 3145(a). Heartland confirmed with HASB that no additional paperwork was required before Heartland commenced its work.

Heartland began performing its work sometime after June 24, 2022 and thereafter submitted applications for payment. HASB accepted "at least one monthly payment application" without requesting or receiving a certified payroll from Heartland. HASB subsequently asked Heartland and its subcontractor to provide certified payroll reports in accordance with the Davis-Bacon Act. Heartland failed to do so, and HASB began withholding payment. HASB told Heartland to cease its work and threatened to terminate the agreement. Heartland responded that because no reporting requirement had been included in the agreement, HASB had no grounds to terminate the agreement.

On August 31, 2022, HASB informed Heartland that it was terminating the agreement "on the basis of convenience" and that it was investigating Heartland's completed work for deficiencies. Heartland alleges that nothing in the contract permitted this termination for convenience. The letter also mentioned that HASB was evaluating Heartland's work for deficiencies. The letter said nothing about the Davis-Bacon Act.

On October 20, 2022, HASB rejected doors that Heartland constructed due to their quality. On November 21, HASB told Heartland that it was obtaining pricing to remedy other workmanship issues and would respond to HASB's final invoice after obtaining this pricing. This suit ensued.

STANDARD

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *See id.*; *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). On the other hand, a plaintiff facing a factual attack doesn't enjoy the treatment of his

2

allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

## DISCUSSION

Heartland alleges two state law claims against HASB—contract and unjust enrichment—and tries to create federal jurisdiction by arguing that its contract claim involves an embedded federal question under the Davis-Bacon Act.[1] HASB views this federal question as lacking and asks the court to dismiss the case under Rule 12(b)(1).

The court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case prototypically "arises under" the law that creates the cause of action. *Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 669 (7th Cir. 2020). "As a result, a state law claim ordinarily cannot be removed, even if it is necessarily defeated by a federal defense, because the federal question supporting jurisdiction must appear on the face of the plaintiff's properly or well-pleaded complaint." *Id.* (quotations omitted).

A claim that arises under state law may nonetheless establish federal question jurisdiction if the claim "depends upon an embedded question of federal law." *Id.* at 673 (citing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). To be embedded within a state law claim, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)). This test is rarely met. *Hartland Lakeside Joint No. 3 Sch. Dist. v. WEA Ins. Corp.*, 756 F.3d 1032, 1033 (7th Cir. 2014).

---

[1] The parties are both Indiana citizens, so diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(a)(1).

In *Grable*, 545 U.S. at 310, the Internal Revenue Service seized real property owned by a metal products manufacturer (Grable). Grable received notice of the seizure before the IRS sold the property to another company. *Id.* The IRS gave the second company a quitclaim deed after the statutory period for Grable to object passed. *Id.* at 310-11. Grable commenced an action to quiet title five years later, claiming that the buyer's title was invalid because the IRS failed to notify Grable "in the exact manner" required by statute. *Id.* at 311.

The question then was "whether want of a federal cause of action to try claims of title to land obtained at a federal tax sale . . . [in a case] raising a disputed issue of federal title law" precluded federal jurisdiction. *Id.* at 310. The Supreme Court answered this question no. Federal courts may have federal question jurisdiction over state law claims that implicate "significant federal issues." *Id.* at 312. The claim must "turn on substantial questions of federal law." *Id.* This jurisdiction is limited and "demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 313.

Grable's claim met these requirements. It was premised "on a failure by the IRS to give it adequate notice, as defined by federal law." *Id.* at 314-15. The tax provision's meaning was an important federal issue. *Id.* at 315. Also, because this was a "rare state title case that raise[d] a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions w[ould] portend only a microscopic effect on the federal-state division of labor." *Id.*; *see also Smith v. Kan. City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (federal question existed, though Missouri law provided the cause of action, because the claim concerned the constitutionality of a corporation's bond issue).

In contrast, in *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 688 (2006), an insurance company sought reimbursement for a settlement covered by a federal healthcare plan. Although "distinctly federal interests" were involved—reimbursements were credited to a federal fund

4

and the master contract was negotiated by a federal agency, *see id.* at 696—the reimbursement claim "was triggered, not by the action of any federal department, agency, or service, but by the settlement of a personal-injury action launched in state court," *id.* at 700. The "bottom-line practical issue [was] the share of [the] settlement properly payable to [the insurance company]." *Id.* The case lacked a "pure issue of [federal] law," and instead was "fact-bound and situation-specific." *Id.* at 700-01.

A foreseen federal defense does not mean a state law claim involves an embedded federal issue. Nothing "alter[s] the rule that a potential federal defense is not enough to create federal jurisdiction under § 1331." *Chi. Tribune Co. v. Bd. of Trs. of the Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012). A "federal defense differs from a claim arising under federal law." *Id.* This proves true "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

In *Chicago Tribune*, 680 F.3d at 1003, for instance, the newspaper requested information from the University of Illinois under the Illinois Freedom of Information Act. In response, the university pointed to restrictions to disclosure under the Family Education Rights and Privacy Act of 1974 (FERPA), but the claim still arose under state law, not federal law. Without the "ingredients" of a federal agency, its compliance with a federal statute, or a substantial and controlling federal question, "there [was] no federal jurisdiction." *Id.* at 1004.

Heartland alleges that HASB breached the contract by failing to make payments as required, by failing to give Heartland an opportunity to correct any alleged issues, by terminating Heartland, and by unilaterally imposing additional contract terms—namely, compliance with the Davis-Bacon Act. Heartland asserts that its contract claim turns on a federal question: whether the company had to comply with the Davis-Bacon Act in providing payroll reports.[2] HASB notes that the complaint alleges

---

[2] Heartland has not argued that a federal question is embedded in the unjust enrichment claim. Nor can the court find such a question lurking in that claim. *See Good v. Indiana Tchrs. Ret. Fund*, 31 N.E.3d 978, 982 (Ind. Ct. App. 2015) (describing three elements of this claim).

5

that it terminated the contract on the basis of convenience and workmanship issues. Though Heartland may anticipate HASB's defense under the Davis-Bacon Act, HASB says this federal defense does not create federal question jurisdiction.

Today's contract claim does not depend on a substantial question of federal law. *See Chi. Tribune*, 680 F.3d at 1004. "The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021).[3] The court looks to the contract's language to determine its breach. *Butler v. Symmergy Clinic, PC*, 158 N.E.3d 407, 414-15 (Ind. Ct. App. 2020). "A party to a contract who is sued for its breach may ordinarily defend on the ground that there existed, at the time, a legal excuse for nonperformance[.]" *Claire's Boutiques, Inc. v. Brownsburg Station Partners LLC*, 997 N.E.2d 1093, 1102 (Ind. Ct. App. 2013). This case does not hinge on a substantial question of federal law, but on a substantial question of state law contract.

The complaint alleges that Heartland had no contractual duty to comply with Davis-Bacon. That has nothing to do with whether federal law requires Heartland to comply, just whether Heartland was contractually obligated to comply. More specifically, the question is whether the contract required Heartland to furnish certified payroll reports. This isn't a case where the plaintiff alleges a breach of contract by the defendant for the failure of the defendant to comply with federal law. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 467 (7th Cir. 2015) ("Plaintiffs sued the Wisconsin Housing and Economic Development Authority ('WHEDA') in federal court alleging WHEDA breached certain Housing Assistance Payments ('HAP') contracts by failing to approve annual rent increases, as required by federal law.").

HASB might argue that its breach was justified if the Davis-Bacon Act required certified payrolls from Heartland regardless, or that Heartland's failure to comply with the Davis-Bacon Act

---

[3] The agreement says Indiana law governs [ECF 1-1 ¶ 14].

was a breach by Heartland. But as a court analyzes the contract terms and determines whether HASB breached, the court "might rule in [HASB's] favor wholly as a matter of state law." *Chi. Tribune*, 680 F.3d at 1004. A court can interpret the contract without ever applying the Davis-Bacon Act, concluding that compliance was not required by contract terms and withholding payments for that reason was a breach. Only then would HASB argue that its breach was justified by compliance with federal law. But that won't suffice for federal jurisdiction. No federal question is embedded in the contract claim—only the defense, if anywhere.

And that proves a serious doubt when Heartland, in its operative pleading, alleges that HASB terminated not for noncompliance with the Davis-Bacon Act but for seemingly other reasons—convenience or quality. HASB has not signaled that this federal issue is actually disputed, nor is it "the central point of dispute" here. *Gunn*, 568 U.S. at 259. Whether Heartland might meet other elements of an embedded federal question, *see id.* at 258, there isn't a substantial federal issue today that is necessarily raised and actually disputed. Because the court lacks subject matter jurisdiction, it must dismiss the case.

## CONCLUSION

Accordingly, the court GRANTS HASB's motion to dismiss [ECF 8] and DISMISSES WITHOUT PREJUDICE Heartland's claims. This order terminates the case.

SO ORDERED.

July 6, 2023                                                *s/ Damon R. Leichty*
                                                            Judge, United States District Court